UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| USA GATEWAY TRAVEL, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> GEL TRAVEL, INC., et al., <br><br>    Defendants. | CASE NO. C06-053JLR <br><br> ORDER |

The court has received Defendants' motion for reconsideration (Dkt. # 62) of the court's order dated December 20, 2006 (Dkt. # 60). For the reasons stated below, the court DENIES the motion.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Defendants' motion does not meet either standard.

Defendants argue that the court committed manifest error in finding Ms. Chen personally liable for the breach of contract under alternative theories of piercing the

ORDER – 1

corporate veil and the responsible corporate officer doctrine.  See Order at 9-11.  While it is not necessary, the court amplifies its prior order as follows:

The established test for evaluating claims of corporate disregard is set forth in Morgan v. Burks, 611 P.2d 751, 755 (Wash. 1980).  The corporate entity will be disregarded when the corporation has been intentionally used to violate or evade a duty owed to another.  Id.  A court may do so because the liability-causing activity did not occur only for the benefit of the corporation, and the corporation and its controllers are thus "alter egos."  Id.  The court's finding that Ms. Chen abused the corporate entity does not rest on her status as the principal and sole employee of GEL, but rather her failure to keep GEL's affairs separate from her own.  Defendants do not provide the court with evidence or authority warranting reconsideration of the court's finding that Ms. Chen intentionally blurred the distinction between her personal and business affairs.

Even where a court finds the intent necessary to disregard the corporate entity, the doctrine will not apply unless it is necessary and required to prevent unjustified loss to the injured party.  Id. at 587.  "The corporate entity will be disregarded only to prevent the violation of a duty . . . .  'For example, the obligee of a contract has a right to receive performance of its obligations.  When the doctrine of disregard is applied, it is applied because of the necessity of enforcing this right-duty.'"  Id. at 587-88 (quoting J.I. Case Credit Corp. v. Stark, 392 P.2d 215, 219 (Wash. 1964)).  Gateway's loss is directly attributable to Ms. Chen's use of Dr. Ou's Citibank card, which continued for nearly 18 months unbeknownst to Dr. Ou only because Ms. Chen intentionally redirected his Citibank statements to her home address.  Pursuant to the terms of the contract between, Gateway and GEL, Gateway is entitled to collect payment for the airline tickets issued to GEL's customers.  Accordingly, the court finds that the application of the doctrine to Ms.

ORDER – 2

Chen is necessary to prevent unjustified loss to Gateway. Thus, Ms. Chen is personally liable to Gateway on its breach of contract claim.[1]

Dated this 12th day of January, 2007.

　　　　　　　　　　　　　　　　　　／s／ James L. Robart
　　　　　　　　　　　　　　　　　　JAMES L. ROBART
　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] During oral argument on December 14, 2006, Defendants' counsel stated that Defendants' position was that Ms. Chen was personally covered by the terms of the contract. Defendants necessarily made this concession in order to take advantage of the doctrine of economic loss. Indeed, the court dismissed Gateway's negligent misrepresentation claim on this basis. Defendants argument here, that Ms. Chen is not personally liable, is inconsistent with his representations in open court.

ORDER – 3