1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

USA GATEWAY TRAVEL, INC.,

                Plaintiff,

    v.

GEL TRAVEL, INC., et al.,

                Defendants.

CASE NO. C06-53JLR

ORDER

## I.  INTRODUCTION

       This matter comes before the court on a motion to stay execution and enforcement of judgment pending appeal from Defendant Ester Chen[1] (Dkt. # 80).  For the reasons stated below, the court GRANTS in part and DENIES in part Ms. Chen's motion.

## II.  BACKGROUND

       Plaintiff USA Gateway Travel, Inc. ("Gateway") filed its complaint in January 2006, alleging breach of contract, negligent misrepresentation, unjust enrichment, violation of the Consumer Protection Act, fraud, and conversion.  On February 23, 2006,

---

     [1]This case involves three Defendants: Ms. Chen, GEL Travel, Inc. ("GEL"), and Dr. Chau-Su Ou.  The motion before the court is captioned "Defendants' motion," however, only Ms. Chen filed a notice of appeal.  Because the request involves a stay *pending appeal*, the court construes the motion as a request from Ms. Chen alone, and not from GEL or Dr. Ou.

ORDER – 1

the court granted Gateway's motion for a prejudgment writ of attachment against the corporate and personal property of Defendants GEL and Ms. Chen in the amount of $177,885.51 (Dkt. # 20).  The parties stipulated that the $177,885.51 writ would be satisfied with three forms of security: (1) a lien on Ms. Chen's residence, (2) Ms. Chen's Yamaha piano, and (3) a freeze of $10,000 on Ms. Chen's bank account (Dkt. # 24).[2]  As a condition of the writ, Gateway posted a $360,000 bond.

On January 26, 2006, the court entered judgment jointly against GEL and Ms. Chen in the amount of $209,983.98 (Dkt. # 72).  Ms. Chen filed a notice of appeal (Dkt. # 67).  When Ms. Chen failed to post a supersedeas bond securing the judgment pending her appeal, Gateway attempted to collect the judgment in King County Superior Court. Ms. Chen then filed this motion requesting a stay of execution of the judgment.

## III.  ANALYSIS

In requesting the stay, Ms. Chen argues that the prejudgment writ of attachment obviates any need to provide additional security in the form of a supersedeas bond. Gateway contends such a stay is appropriate only if Ms. Chen posts a bond totaling twice the judgment amount.

A court "may only stay execution of the judgment pending . . . appeal if the court provides for the security of the judgment creditor."  Peacock v. Thomas, 516 U.S. 349, 360 n.8 (1996).  Pursuant to Rule 62(d), an appellant may provide this security in the form of a supersedeas bond.  See Fed. R. Civ. P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . .  The stay is effective when the supersedeas bond is approved by the court.").  Courts have discretion to require a supersedeas bond in excess of the judgment amount to secure costs on appeal.  See, e.g., Am. Assoc. of Naturopathic Phys. v. Hayhurst, 227 F.3d 1104, 1109 (9th Cir. 2000)

---

[2]Due to GEL's limited assets, Ms. Chen alone provided the security to satisfy the writ.

ORDER – 2

(holding that district court was within its discretion to require a $30,000 bond in order to secure stay of $11,900 judgment).  A court may, however, deviate from the express terms of Rule 62(d) when the equities so require.  Intern. Telemeter v. Hamlin Intern. Corp., 754 F.2d 1492, 1495 (9th Cir. 1985) ("Although [Rule 62(d)] provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee.") (citation omitted).

The court finds that the writ of attachment against Ms. Chen's property, standing alone, provides insufficient security to justify a stay of execution of the judgment.  As an initial matter, the $177,885.51 face value of the writ falls short of the $209,983.98 judgment, even excluding potential costs on appeal.  Gateway also raises concerns regarding the sufficiency of the value of the real and personal property securing the writ. Still, the writ provides Gateway with at least some degree of security.  Accordingly, the court concludes that a bond totaling less than the full amount of the judgment is sufficient to grant a stay of execution of the judgment.  The court orders that Ms. Chen shall provide a supersedeas bond in the amount of $175,000 by April 16, 2007.  This amount, together with the value of the writ, provides sufficient security to Gateway for both the value of the judgment and potential costs on appeal.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Ms. Chen's motion to the extent that she requests a stay of execution of judgment without posting a supersedeas bond. The court GRANTS the motion to the extent that the court will stay execution and enforcement of the judgment pending appeal effective upon Ms. Chen's deposit of a $175,000 bond with the court.  As stated above, Ms. Chen shall post such a bond by April 16, 2007.  Should Ms. Chen fail to do so, Gateway may proceed with its execution and enforcement of the judgment.

ORDER – 3

1

Dated this 5th day of April, 2007.

2

3

4

JAMES L. ROBART
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 4